**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALPHONSO ROUNDTREE,

        Plaintiff,

vs.                                                  Case No. 3:09-cv-189-J-32TEM

COUNTRYWIDE HOME LOANS, INC.,
 etc.,

        Defendants.

_____

**ORDER**[1]

This case is before the Court on Plaintiff, Alphonso Roundtree's, Objection to Defendant's Request for Judicial Notice and Related Documents. (Doc. 24.) In Plaintiff's Objection, Plaintiff stated that, "[o]n or about June 27, 2009, Plaintiff filed for Chapter 13 reorganization of his debts," suggesting that the Chapter 13 reorganization should serve to stay these proceedings. (Id. at 3.) As a result, the Court is presented with the issue of whether a debtor who initiated the original action and subsequently filed for bankruptcy is entitled to an automatic stay of the original action under 11 U.S.C. § 362(a).[2]

Section 362(a) of the Bankruptcy code, "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Also pending are motions to dismiss filed by the County of Volusia, Peggy Flomerfelt, and Countrywide Home Loans, Inc. (Docs. 13 and 15) and defendant Countrywide Home Loans, Inc.'s request for judicial notice (Doc. 22). The Court has these motions under advisement.

proceeding *against the debtor.*" 11 U.S.C. § 362(a) (emphasis added). The purpose of the automatic stay is to give the debtor "a breathing spell from his creditors." In re Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1550 (11th Cir. 1996). Under the plain language of § 362(a), an automatic stay does not apply to an action initiated by the debtor, but only to proceedings against the debtor. In re Kozich, 406 B.R. 949, 953 (Bankr. S.D. Fla. 2009); see also Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (finding that the filing of Chapter 13 bankruptcy did not automatically stay an action initiated by the debtor); compare Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) (holding that a debtor was entitled to an automatic stay of the debtor's appeal from the original action in which the debtor was the defendant). The Bankruptcy Court in In re Kozich added that, "[a]lthough the scope of the automatic stay is undeniably broad, it does not serve to stay all actions involving the bankrupt party." 406 B.R. at 953. In the present case, Plaintiff initiated the original action against the Defendants on June 5, 2009, and on June 27, 2009, Plaintiff filed Chapter 13 bankruptcy reorganization of his debts. Accordingly, the Court is not required to automatically stay this matter. However, the Court would be willing to entertain a joint motion to stay this case pending the outcome of Plaintiff's bankruptcy proceeding. In the absence of any such motion, however, this case shall continue on its present course.[3]

---

[3]As noted above, the Court presently has motions under advisement. By Order dated August 10, 2009, the Court extended the deadline for the parties to file their case management report until November 2, 2009. See Doc. 21. Plaintiff recently filed papers demonstrating efforts to comply with that deadline. See Doc. 28. Given the decision here, the Court will extend the deadline for filing the case management report until **December 1, 2009**.

Accordingly, it is hereby

**ORDERED**:

The parties should confer with each other and, no later than **November 20, 2009**, the parties should file a joint notice or motion stating whether the Court should temporarily stay this matter.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

aa.
Copies:

pro se plaintiff
counsel of record