**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALPHONSO ROUNDTREE,

        Plaintiff,

vs.                                      Case No. 3:09-cv-189-J-32TEM

COUNTRYWIDE HOME LOANS, INC.,
etc.,

        Defendants.

## ORDER[1]

This case, arising out of a mortgage loan and foreclosure on that loan, is before the Court on Defendants', County Of Volusia, Dept Of Revenue, And Peggy Flomerfelt Tax Collector, Motion To Dismiss The County And Peggy Flomerfelt As Parties To Plaintiff's Amended Complaint (Doc. 13), defendant Countrywide's Motion To Dismiss (Doc. 15) and defendant Countrywide Home Loans, Inc.'s Request For Judicial Notice. (Doc. 22.) Plaintiff has responded to the motions. (Docs. 17, 18, 24.)[2] Additionally, the Court considers Defendant, Mortgage Electronic Registration Systems, Inc.'s Motion To Vacate Clerk's

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motions or matters addressed herein and is not intended for official publication or to serve as precedent.

[2] Plaintiff Alphonso Roundtree indicated that on June 27, 2009, he "filed Chapter 13 for reorganization of his debts." (Doc. 24 at 3.) The Court requested the parties indicate whether the Court should temporarily stay this matter pending plaintiff's bankruptcy proceeding. (Doc. 29.) The parties have not responded to the Court's Order. The Court will proceed with this case. See Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004)("[t]he automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor").

Default Or, Alternatively, Motion To Set Aside Clerk's Default (Doc. 33), to which plaintiff has not submitted a response.

## I.    **The Amended Complaint**

Plaintiff Alphonso Roundtree has filed five count Amended Complaint (Doc. 8 ("Am. Compl.")) naming as defendants "Countrywide Home Loans, Inc. aka Countrywide Bank N.A., aka Country Wide Financial; Mila, Inc., dba Mortgage Investment Lending Associates Inc.; Mers aka Mortgage Electronic Registration Systems, Inc.; High Performance Mortgage; Smith Hiatt & Diaz, P. Robert A Smith Jr; County Of Volusia, Dept Of Revenue, Peggy Flomerfelt, Tax Collector; John & Jane Does." (Doc. 8 at 1.) Roundtree's Amended Complaint focuses on a "mortgage transaction," a "Mortgage and Note to certain real estate" and a "debt sought to be collected by the Defendants herein." (Am. Compl. ¶¶ 13, 15.) He cites a litany of statutes: 11 U.S.C. § 505 ("Determination of tax liability" in bankruptcy); Truth in Lending Act 15 U.S.C. § 1640 ("TILA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and the Florida Deceptive and Unfair Trade Practices Act," Fla. Stat. § 501.201 et seq. (Doc. 8 at 1)

Roundtree, who is proceeding *pro se*, alleges that "Defendants failed to disclose that the loan obtained had an interest rate higher than stated and in the preliminary disclosures, and that their balloon on the mortgage, which preliminary disclosures were never given" (Id. ¶ 15), and that "[t]he Plaintiff has been the object of consumer debt collection activity by all of the Defendants . . . ." (Id. ¶ 16.)

Roundtree alleges that in September 2006, he refinanced a home in Ormond Beach, Florida with a loan "secured by a 1st lien on the property originated and funded by MILA,

Inc., Inc, and Serviced by Countrywide Mortgage at the time of closing." (Id. ¶ 17.) "The loan offered an introductory interest rate of 10.625% with an additional adjustment as high as 8% in October 2008." (Id. ¶ 21.) Plaintiff alleges that "[u]nbeknown to the Plaintiff, the Defendants obtained an appraisal in a corruptive scheme to support loans irrespective of the actual values of Plaintiff's property being appraised," said appraisal being "violative" of industry standards. (Id. ¶ 22.)

On July 3, 2008, "Plaintiff sent a valid rescission notice" to "Defendants" which "Defendants have failed to honor. . . ." (Id. ¶¶ 27, 28.) Plaintiff says he disputes "further collection of finance charges or other charges due to rescission" and says he has "requested a full accounting and credit of all previous payments so that Plaintiff may tender any balance and extinguish the Transaction by operation of law." (Id. ¶ 29.) Roundtree alleges that "Defendants, never produced the original promissory note." (Id. ¶ 29.) "The loan was considered a sub prime loan and the original promissory note documents has [sic] been inexplicably lost." (Id. ¶ 33.)

Roundtree alleges that "the true market value is $199,000. This drastically affected the accuracy of the property tax rate through the County of Volusia Tax Collector, which damages Plaintiff." (Id. ¶ 33.) He alleges that "[t]he Defendants (collectively) knowingly used unfair or unconscionable means to collect or attempt to collect a debt by collecting amounts from the Plaintiff (1) that were not either expressly authorized by the agreement creating the debt or permitted by law. . . ." (Id. ¶ 38.)

The jurisdictional and factual allegations are sprinkled with such allegations as "predatory lending" and "unfair trade practices, (id. ¶¶ 3, 15), "deception, fraud, or

3

manipulation," (id. ¶ 3), "unfair misrepresentation and deceit," (id. ¶ 4), and "illegal kickbacks" to the "mortgage brokers also involved in the loan." (Id. ¶ 33.) Roundtree alleges that "Mila, Inc., Inc. engaged in such predatory practices as yield-spread premium and other kickbacks to expedite the sub prime loan." (Id. ¶ 17.) Further, he alleges "violations of federal and state laws and fraud committed by the Defendants, Mila, Inc., Inc. & Countrywide, et al." (Id. ¶ 30.)

Roundtree sets forth the following five counts against "each Defendant," re-alleging and incorporating each paragraph "as set forth above" into counts 1-4:

Count 1: "Claim For Violations Of TILA, FDCPA"

Roundtree alleges "each Defendant" is liable for violating the FDCPA (Fair Debt Collection Practices Act) and that "[t]he above mentioned constitutes a false representation of the settlement agreement" and that "[a]ny further acts to enforce an invalid security instrument are wrongful . . . " in violation of TILA (Truth in Lending Act). and the Fair Debt Collection Practices Act. (Id. ¶¶ 40, 41.)

Count 2: "Florida Deceptive and Unfair Trade Practices Act, 15 U.S.C. Sections 1601, et seq."

Roundtree alleges that "Defendants violated the Florida DUTPA by engaging in generally and specifically unfair and deceptive acts and practices including by not limited to: (a) failure to timely rescind the Transaction or seek judicial guidance, (b) failure to provide mandatory material disclosures, clear and conspicuous and subject to TILA, and Reg. Z. (c) failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission and proper Truth in Lending Disclosure Statement . . . ." (Id. ¶ 48.)

Count 3: "Claim For Violations of TILA, FCCPA"

Incorporating "all of the foregoing allegations in the Complaint," (Id. ¶ 55, 58) Roundtree alleges that he is entitled to recovery

4

pursuant to the Truth in Lending Act and the Florida Consumer Collection Practices Act from "each defendant" for "Defendants' conduct" of "abuse and exercise such harassment." (Id. ¶¶ 56, 57, 60.) "These filings were made in a wanton and reckless manner to attempt to influence state and federal judges and judicial officers in Florida to enter judgments on promissory notes, including for principal, interest, late fees, penalties, costs and attorneys fees, and to foreclose on Plaintiff's property." (Id. ¶ 59.)[3]

Count 4: "Claim For Violations of U.S.C. 1962"

Re-alleging and incorporating all of the previous allegations, Roundtree alleges that "All defendants participated in and are members and part of the Countrywide Enterprise System, also have a separate existence district from the Enterprise." (Id. ¶ 62.) He alleges that "[a]ll defendants are willing participants in this scheme, with a common purpose and interest" and that the "defendants actions of predatory lending practices damaged Plaintiff." (Id. ¶ 62.)

Count 5: "Claim of Disclosure Violations Pursuant to 15 U.S.C. 1635 et. se"

Again citing the Truth in Lending Act, Roundtree alleges that "Defendants failed and/or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice required or filing it before during or immediately after the settlement . . . " (Id. ¶¶ 65, 66.)

Plaintiff seeks damages, rescission, termination of any security interest in his property, costs and attorneys' fees and injunctive relief. (Doc. 8 at 14-15.)

---

[3] Defendant Countrywide Home Loans, Inc. seeks judicial notice of the Summary Final Judgment of Foreclosure entered in Countrywide Home Loans, Inc. v. Alphonso B. Roundtree et al., No. 2008-32090 CICI (Fla. Cir. Ct. June 24, 2009). (Doc. 22.) The Court grants this request and takes judicial notice of the judgment. The mortgage foreclosure judgment is a relevant public record, Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999), and is central to the plaintiff's claims. Maxcess, inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). A complaint must contain a short plain statement showing an entitlement to relief, and the statement must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555 "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 545; Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft, 129 S.Ct. at 1950).

## III. Pleading Deficiencies

Defendants present a number of arguments why these counts should be dismissed. However, the Court is unable to address plaintiff's claims substantively because Roundtree has pleaded these five counts in a manner that falls squarely within the Eleventh Circuit's repeated condemnation of "shotgun pleadings." Davis v. Coca-Cola Bottling Co. Consol.,

516 F.3d 955, 979-80 & n.54 (11th Cir. 2008).

This is a classic and impermissible "shot gun" complaint, failing to comply with Rules 8 and 10, Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss. While Rule 8 requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), the rule requires that the "'the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997)(citation omitted). The complaint should allege each material element of a cause of action. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

Rule 10, provides:

> If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

In addition, when a complaint is grounded in fraud, as it appears plaintiff's complaint is, the complaint must comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirement that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

7

constituting fraud or mistake." To satisfy Rule 9(b)'s "particularity" standard, a complaint should "identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[ ] by the alleged fraud." West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008)(citing Ambrosia Coal & Const, Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007). Further, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient. Ambrosia Coal & Const. Co., 482 F.3d at 1317. In a case involving multiple defendants, "'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Id. (citation omitted).

Here, plaintiff sets forth a litany of general allegations in a "Statement of Facts Material to Transaction," (Am. Compl. ¶¶ 13-38), and applies all of the allegations of the statement as well as the counts preceding to Counts 1-4. (Id. ¶¶ 39, 42, 55, 58, 62.) - regardless of whether the allegation is indeed relevant to that claim. See e.g. Magluta, 256 F.3d at 1284.

Roundtree provides no description of what conduct in the incorporated paragraphs constitutes the conduct supporting the cause of action, making it impossible to determine the factual basis for each claim. Further, the Amended Complaint fails to specify which claim is brought against which defendant, or to align specific conduct with each claim and defendant. Rather the five claims are brought against all defendants. Plaintiff treats "Countrywide Home Loans, Inc.," "Countrywide Bank N.A." and "Country Wide Financial" as

8

one, despite defendants' corporate disclosure statement which represents that Countrywide Financial Corp. is the parent corporation of Countrywide Home Loans, Inc., and that since July 1, 2008, Countrywide Financial Corp. is a subsidiary of Bank of America Corporation. (Doc. 16.)[4]  The result is confusion both for the defendants in trying to frame a responsive pleading, and for the Court in trying to determine the scope of plaintiff's claims. See Davis, 516 F.3d at 982.

Furthermore, confusion abounds with regards to Count 4 "for violations of U.S.C. §1962." Defendants County of Volusia, Dept. of Revenue and Peggy Flomerfelt ("Volusia County") "presumes that it was Plaintiff's intent to refer to 28 U.S.C. 1962" (Doc. 13 at 2) which provides that every judgment rendered by a district court within a state shall be a lien on property located in that state.  Roundtree responds that "[t]he complaint states a claim for declaratory and injunctive relief under 42 U.S.C. § 1983" pertaining to civil rights. (Doc. 17 at 1.)  Defendant Countrywide Home Loans, Inc. refers to 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act. (Doc. 15 at 2.)

Although the pleadings submitted by a *pro se* plaintiff are held to a less stringent standard than those of attorneys, this leniency does not allow a court license to rewrite

---

[4]  In its motion to dismiss, Countrywide Home Loans, Inc. ("Countrywide") states that it was "improperly named." It states that "Countrywide Bank, N.A., which has merged with and been incorporated into Bank of America, N.A., is a separate company from Countrywide, and because it is not named in the amended complaint has not filed a response. There is no such company called Country Wide Financial." (Doc. 15 at 1.)  See generally Delgado v. Bank of America Corp., No. 1:09cv01638 AWI DLB, 2009 WL 4163525, at *5 (E.D. Cal. Nov. 23, 2009); In re Smith, 409 B.R. 1, 2 n.1 (Bkrtcy. D. N.H. 2009); Gorham-DiMaggio v. Countrywide Home Loans, Inc., No. 1:08-CV-019 (LEK/RFT), 2009 WL 1748743, at *5 (N.D.N.Y. June 19, 2009).

9

deficient pleadings to sustain the litigant's action. Gibbs v. Republic Tobacco, L.P., 119 F. Supp.2d 1288, 1290 (M.D. Fla. 2000); see also Warren v. Countrywide Home Loans, Inc., No. 08-16171, 2009 WL 2477764, at *1 (11th Cir. Aug. 14, 2009). Even with *pro se* litigants, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

Roundtree must re-draft his complaint to describe in sufficient detail allegations of particular conduct by each defendant in connection with each cause of action, specifying (1) which defendant or defendants each cause of action is brought against, including distinguishing between corporate entities, (2) what factual allegations form the basis of each claim against each defendant; and (3) each legal theory upon which he asserts liability against each defendant. In re-pleading his complaint, plaintiff should be mindful of the various bases for dismissal offered by defendants, including but not limited to:

1) Determining the properly named defendants;

2) Whether defendants "County of Volusia, Dept. of Revenue, Peggy Flomerfelt, Tax Collector" are properly named and whether they did anything wrong (see Doc. 13);

3) Whether any of the defendants are "mortgage servicers" and if so, whether "mortgage servicers" are liable under the Truth in Lending Act. See Williams v. Saxon Mortgage Services, Inc., No. 06-0799-WS-B, 2007 WL 3124470, at *2 (S.D. Ala. Oct. 25, 2007); 15 U.S.C. § 1641(f); (see also Doc. 15 at 4-5);

4) Whether the loan in question is one which could be entitled to rescission under the Truth in Lending Act. See Christ v. Beneficial Corp., 547 F.3d 1292, 1297 (11th Cir.

2008);15 U.S.C. § 1635; (see also Doc. 15 at 5);

5) Whether defendants' conduct related to a foreclosure of a mortgage loan, and whether this conduct constituted a "debt collection" under the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act. See Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp.2d 1356, 1360-61 (M.D. Fla. 2007), aff'd 288 F. App'x 571 (11th Cir. 2008); (see also Doc. 15 at 7).

On re-pleading, Roundtree must allege sufficient facts to make each claim for relief against each defendant "plausible on its face." Ashcroft, 129 S.Ct. at 1949. As currently pleaded, the allegations are insufficient to overcome a motion to dismiss. It is hereby

**ORDERED**:

1. Defendant Countrywide Home Loans, Inc.'s Request For Judicial Notice (Doc, 22) is **GRANTED.**

2. Defendants', County Of Volusia, Dept Of Revenue, And Peggy Flomerfelt Tax Collector, Motion To Dismiss The County And Peggy Flomerfelt As Parties To Plaintiff's Amended Complaint (Doc. 13) is **GRANTED**.

3. Countrywide's Motion To Dismiss (Doc. 15) is **GRANTED**.

4. Defendant, Mortgage Electronic Registration Systems, Inc.'s Motion To Vacate Clerk's Default Or, Alternatively, Motion To Set Aside Clerk's Default (Doc. 33) is **GRANTED** and the Clerk's Entry Of Default as to defendants Smith, Hiatt & Diaz, P. Robert A. Smith, Jr., and MERS (Doc. 32) is **SET ASIDE**.[5]

---

[5] Plaintiff filed a complaint on March 2, 2009. (Doc. 1.) The docket does not show that the original complaint was served on any of the defendants. Plaintiff filed an amended

5. Plaintiff may file a Second Amended Complaint consistent with this Order no later than **February 1, 2010**.

6. Defendants' responses to plaintiff's Second Amended Complaint are due no later than **March 10, 2010**.

7. The Court will defer on entering a Case Management and Scheduling Order

---

complaint on June 5, 2009. (Doc. 8.) On June 19, 2009, plaintiff filed a "Certificate Of Service" in which he represented that he "mailed a summons and the amended complaint by certified mail to all of the Defendants and their attorney representative . . . on June 17, 2009." (Doc. 14.) On August 10, 2009, plaintiff filed a second "Certificate Of Service - Defendants Processed And Served" stating that the defendants were "processed and served the Amended Complaint and Summons by U.S. Mail delivery and Certified Mail Return Receipt on or about June 17, 2009 to the defendants last known addresses" and attaching certified mail return receipts. (Doc. 20.)

On November 30, 2009, plaintiff moved for entry of default by the Clerk against "the Defendant Smith Hiatt & Diaz, P. Robert A. Smith, c/o R.A., 2691 E. Oakland Park Blvd. #303, Ft. Lauderdale FL 33306 and Mers AKA Mortgage Electronic Registration Systems, Inc. 3300SW 34th Avenue suite 101, Ocala FL 34474." (Doc. 31.) On December 1, 2009, the Clerk entered default against "the defendants Smith, Hiatt & Diaz, P. Robert A. Smith, Jr., and MERS." (Doc. 32). On December 3, 2009, defendant MERS made a limited appearance for the purpose of moving to vacate or set aside the Clerk's Default. (Doc. 33.) The time has expired for plaintiff to respond to the motion. See Local Rule 3.01(b); Fed. R.Civ. P. 6(d).

Based upon their actions in filing substantive dispositive motions, the Court finds that the County of Volusia defendants and the Countrywide defendants have accepted service of the amended complaint by certified mail and that they have notice of this lawsuit. (The Court recognizes that the County contends that no service can be effected upon the "office of tax collector" (Doc. 13 at 3, 5-6), and will consider that argument if raised in response to plaintiff's re-pleaded complaint.) As for the remaining defendants, the record reflects that plaintiff has not properly served them and that they have not signed waivers of service. Accordingly, plaintiff must properly serve these defendants with a summons and second amended complaint by the methods prescribed in Rule 4(c), 4(d), 4(e) or 4(h), Federal Rules of Civil Procedure, by **February 15, 2010**. See also Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843 (11th Cir. 2009)(unpublished); Atizol v. American Express Travel Related Services Co., No. 08-60262-Civ, 2008 WL 5070275, at *2-3 (S.D. Fla. Nov. 25, 2008)

until the pleadings are settled.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of December, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record