**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALPHONSO ROUNDTREE,

        Plaintiff,

vs.   Case No. 3:09-cv-189-J-32TEM

COUNTRYWIDE HOME LOANS, INC.,
etc.,

        Defendants.

## **ORDER**

Pending before the Court two motions, neither of which have not been responded to. On December 29, 2010, the Court granted defendants' motion to dismiss plaintiff's amended complaint, primarily because the amended complaint was indecipherably pleaded. (Doc. 35.) Plaintiff was given the opportunity to re-plead his complaint in accordance with the rules of procedure, by March 12, 2010. (Docs. 35, 36.) Rather than file a Second Amended Complaint, plaintiff filed a Motion To Stay the proceedings. (Doc. 37.) Upon review of the file, it is hereby

**ORDERED**:

**I.**     **Plaintiff's Motion To Stay**

The issues in this case arise primarily from a mortgage loan and foreclosurer on that loan. (See Doc. 35 at 1.) In his motion to stay, plaintiff, who is proceeding pro se, requests that this case be stayed "pending results of complaints pending with the Dept. of Justice, Special Litigation, Civil Rights Division and the FTC, Case # 25389448." (Doc. 37 at 1.)

Plaintiff contends that his case "can be better resolved through the Justice Dept. and FTC," and "that with attorney representation the costs in [this] case is [sic] getting very expensive" (though plaintiff is proceeding pro se).

It is unclear from plaintiff's motion, whether the proceedings referred to are parallel to this action; initiated by plaintiff or some other entity; involve the same issues as plaintiff has attempted to allege in the first two complaints filed in this case; or have any possibility of resolution in the foreseeable future. Accordingly, plaintiff's Motion To Stay (Doc. 37) is **DENIED**. See Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264-65 (11th Cir. 2000)(vacating stay of civil proceedings as being "immoderate;" length of stay was indefinite and reasonable justification was not provided); CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1289-90 (11th Cir. 1982)(vacating portion of stay as "immoderate of an indefinite duration").

## II. Defendants' Motion To Set Aside Clerk's Default

Defendants, Smith, Hiatt & Diaz, P.A. And/Or Robert A. Smith, Jr.'s Motion To Vacate Clerk's Default Or, Alternatively, Motion To Set Aside Clerk's Default (Doc. 38) is **TERMINATED AS MOOT**. As is reflected on the docket of this case, the Clerk's Entry Of Default as to Smith, Hiatt & Diaz, P. Robert A. Smith, and MERS (Doc. 32) was set aside by the Court's Order dated December 29, 2009. (Doc. 35; see also Doc. 32 (Clerk's docket entry).)

## III. Amending Complaint

In its Order dated February 11, 2010, the Court stated that the plaintiff may file a Second Amended Complaint no later than March 12, 2010. To date, the plaintiff has not

done so. Inasmuch as the pro se plaintiff may have believed that his motion to stay somehow forestalled the requirements of the Court's Order, the Court will permit plaintiff one more opportunity to file and properly serve a Second Amended Complaint. (See Docs. 35, 36.) Plaintiff may file a Second Amended Complaint no later than **April 28, 2010**, and properly serve the remaining defendants (see Doc. 35 at 12; Doc. 36) by **May 12, 2010**. **Failure by the plaintiff to file a Second Amended Complaint by April 28, 2010 will result in DISMISSAL WITHOUT PREJUDICE of this case.** Defendants' responses to plaintiff's Second Amended Complaint are due no later than **June 9, 2010**.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of March, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:

Unrepresented party
Counsel of Record